IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERRY L. ANDERSON,

                Petitioner,                    ORDER

    v.

                                              21-cv-627-wmc

CHERYL EPLETT,

                Respondent.

*Pro se* petitioner Jerry L. Anderson, an inmate at Oshkosh Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, along with numerous attachments. (Dkt. #1, Exs. ##1-1, 1-2.) He challenges his 2008 judgment of conviction in Dane County Circuit Court Case No. 08CF1178 for false imprisonment, strangulation and suffocation, battery, and recklessly endangering safety.

The court will dismiss the petition because Anderson previously brought a habeas petition challenging this conviction in 2013. *See Anderson v. Smith*, No. 13-cv-792-slc (W.D. Wis. Nov. 7, 2013). Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A second or successive petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (petition is successive if it challenges state-court judgment that was challenged previously, but it is not successive if it challenges a new judgment entered after resentencing). That standard is met here because this court dismissed Anderson's prior petition on the merits in 2015, finding that

none of his various challenges to his conviction entitled him to relief. *See Anderson v. Smith*, No. 13-cv-792-slc, 2015 WL 7294546, at *8 (W.D. Wis. Nov. 17, 2015) (denying petition and a certificate of appealability).

If Anderson believes that he qualifies for an exception to the prohibition against successive petitions, he must raise this issue with the court of appeals. Absent approval from that court, this court has no authority to consider the petition and must dismiss it. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). Accordingly, the court must dismiss his petition, and Anderson's motion for a stay (dkt. #3) will be denied as moot. Finally, because reasonable jurists would not debate whether this petition qualifies as second or successive, the court will not issue Anderson a certificate of appealability. *See Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (to obtain a certificate, a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner"). If he wishes, Anderson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1) Jerry L. Anderson's petition for a writ of habeas corpus is DISMISSED for lack of authorization as a second or successive petition.

2) Petitioner's motion for a stay (dkt. #3) is DENIED as moot.

3) Petitioner is DENIED a certificate of appealability.

Entered this 14th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge