UNITED STATES DISTRICT COURT
FROM THE WESTERN DISTRICT OF WISCONSIN

Case No. 21-CV-627-WMC

Jerry L. Anderson Sr.
    Petitioner, Appellant,

                                        CERTIFICATE OF
Cheryl Eplett     Warden         APPEALABILITY
        Inst.
    Respondent, Appellee,

    Pursuent to 28 U.S.C. §2253(C) and Rule 22(b) of the Federal Rules of Appellate Procedure (F.R.A.P.). Jerry L. Anderson Sr. the petitioner; Appellant appearing pro se seeking a certificate of Appealability for the judgment and order entered on April 15th 2022 by the United States Judge William C. Conl. Summarily dismissing writ of Habeas Corpus pursuant to rule 4 of the rules governing §2254 cases. (rule 4).

A. Case Summary:

    On May 21st 2021, Mr. Anderson filed a petition for writ of Habeas Corpus pursuant to 28 U.S.C. §2254, asserting that he was denied a constitutional right of effective assistance of counsel before trial, on his direct appeal, and on this appeal, which is a violation of his constitutional right.

    Mr. Anderson went to trial on a charge of fulse imprisonment, strangulation and suffocation, 2nd Degree Reckless Endangering of Safety, 4-counts of battery and was convicted on all counts.

    Mr. Anderson is currently confined at Oshkosh Correctional Institution in Oshkosh Wisconsin.

    As grounds for relief Mr. Anderson have set forth the following constitutional claims/trial and Appellates counsel was ineffective. (1) failure to properly explain to the court that the defense didn't get notice at a motion hearing. (2) For allowing the Judge "Patrick J. Fredler," told her that she can address an matter of law, on cross examination of one or more of the states

1

witnesses. (3) For allowing the Assistant District Attorney, to provide false testimony to the Jury, alleging that Appellant stabbed the alleged victim in the head with a screwdriver, when it knew that such testimony or evidence was untrue and would unduly influence the Jurors against the appellant; (4) For allowing the State at sentencing to rely upon false and inaccurate information of the appellant having stabbed the allege victim in the head with a screwdriver; (5) For counsel being ineffective for failure to read all information concerning the case and having firm facts of the case to discover the issue's herein; (6) For Appellate and Post Conviction counsel filing a No Merit report without having firm facts of the case or without analizing the record to discover the appellant's Non-frivolous issue's of the Court lacking subject matter jurisdiction over the Amended information, wherein the Statutory time limit for seeking a Amend-ed information had fully expire, wherein the Appellant was never given Notice within the 30 day time frame as mandated by § 971.01 (2) Wis. Stats., state created liberty interest contrary to the 14th Amendment substantive due process; (7) For being denied effective representation of Appellate Counsel, whereby Attorney Robert N. Meyeroff was ineffective for failing to pursue several motion in which he filed to the court and abandon the appellant without notification.

Failure to give notice,- On Oct. 1st 2008, Mr. Anderson went to a preliminary hearing for, false imprisonment, strangulation and suffocation, 5 counts of batteries, and bail jumping. The court found proper cause for Mr. Anderson to stand for trial.

On Oct. 3rd the state filed an amended information, to include 2nd Degree Reckless Endangering of Safety. On Dec. 10th the state held a motion hearing to amend the information to the criminal complaint. Where the Appellant was prejudged when the court allow-ed the state to amend the date 38 days pass the deadline allowed to amend the information. Trial counsel objected because the state went pass the 30 days, citing the state didn't give notice. See Ex. A. According to 971.01 Wis. Stats. the state must give notice to proceed, where as the state didn't give notice prejudice Appel-lant, and violated due process. But look the state still didn't

2

amend the charge, insted she only amended the date. Therefore the charge was never amended. Therefore the whole charge of 2nd Degree Reckless Endangering of Safety is invalidated making the whole charge invalid. The state should have never taken the Appellant to trial because the court never had subject matter jurisdiction a competency, and the fact that this issue is a void judgment, this issue cannot be barred, and you can bring up this issue at anytime, because there is no deadline for a void judgment. [ Failure to arraign - The Appellant was never arraigned for the charge of 2nd Degree Reckless Endangering of Safety. See Ex. B, where the counsel and the court arraigned this charge, in doing so violated Appellant's Due Process, because a lawyer cannot waive the reading, only the Appellant can waive the reading, also this is a void judgment because this charge was never amended to the criminal complaint, only the date of the offense was amended. Also the Wisconsin court of Appeals, abused it's discretion in denying this brief. First of all the court denied this brief because it said the circuit court barred these issues. That is not why the circuit court denied this brief, it denied it because it was stated that the Appellant failed to articulate a basis for relief. The court of appeals said that it is a 974.06 motion. The circuit court on denying the motion never misconstrud or relabeled this motion as an 974.01 Wis. Stats motion nor did the trial court in rendering it's 12-16-20 order denying or dismissing this case based on Escalona, Id., nor did the trial court state that the Appellant's motion was denied based upon he failed to show sufficient reason for raising this claim in his previous motion or Appeals to the contrary the trial court denied the Appellant's motion to vacate - void judgment based upon "The defendant failed to articulate a basis for relief in his motion."

There was no mention nor reference to Escalona Id. and under Wis. Law the state can not raise or forfeit the claim of Escalona Id... when it was not raised in the trial court with respect to this court. Prosecutorial mis conduct - "A prosecutor inproper or illegal act or acts (or failure to act) especially involving an attempt to void a required disclosure or to persuade the jury to wrongfully convict a person or to assist in an unjustified punish

3

-ment. If the prosecutor's misconduct ends in a mistrial, a later prosecution may be barred under the "Double Jeopardy Clause".

The prosecutor all through the trial solicit perjuried testimony from all of the states witnesses, stating that the Appellant stabbed his alleged victim in the head with the tip of a screwdriver. Even though the state crime lab expert testified that it was negative blood found on the tip of the screwdriver, also the DNA report show negative for blood being found on the tip of the screwdriver. The prosecutor at the closing argument convinced the jury that it was blood on the tip of the screwdriver and the Appellant stabbed his alleged victim in the head and got a conviction. The prosecutor at the sentencing convinced the Judge that I stabbed my alleged victim in the head even though the Judge was supposed to have been taking notes. The Appellant recieved 20 years, 12 years for this 2nd Degree Reckless Endangering of Safety; that dosen't exist, because this charge was not amended to the criminal complaint.

B. Issues seeking to be certified for appeal
   I. Was summarily dismissal of writ of habeas corpus of the merits improper?
   II. Was Mr. Anderson denied his constitutional rights of effective assistance of counsel at trial and on appeal?
   III. Was Mr. Anderson Appellate counsel abandonment a violation of his first appeal right?
   IV. Did the state give defense notice?
   V. The 14th Amendment prohibits the State to obtain a conviction base upon false evidence or testimony use to obtain a conviction as it violates due process. See: <u>Napue-vs-Illinois</u>, 360 U.S. 264 (1959)
   VI. Did the prosecutor tried this trial improperly?
C. Substantial showing of denial of constitutional right.
   The sixth amendment right to counsel has long since been held to include the right to effective assistance of counsel. See: Strickland v. Washington, 446 U.S. 668, 104 S. Ct 2052(1984).
D. In 971.01 (1) - To provide the court, counsel and the defendant "Appellant" with notice and opportunity to contest the amended

4

information in violation of Due Process under the 14 amendment." This affects the circuit court competency to invoke that Juris-diction, "by non compliance with this statutory requirments pertaining to the invocation of that jurisdiction". The State was prohibited from amending the amended information without providing counsel, appellant and the court with prior notice." See: State v. Corvino, 370 Wis. 2d 681 (Ct. App. 2016).

E. Did the Prosecutor over throw the Government by soliciting test-imony from the witnesses?

So we have to ask ourselves:

1. Was the trial attorney Jessa Nicholson, ineffective for not knowing how to argue the failure to give "notice" issue, and letting the Judge blindside her into changing the subject by saying that she could get an answer from the state witnesses; once this change of the subject is changed, the argument about notice is dismissed. Then you have to ask yourself if the date is the only thing that got amended. Then how did counsel allow the 2nd Degree Reckless Endangering of Safety sneak pass her, when this charge didn't get amended to the original criminal complaint; and she never objected once. See Ex. A & B.

2. We have to ask ourselves:

   Did the charge of 2nd Degree Reckless Endangering of Safety get arraigned? Does it matter if it got arraigned or not if the charge never got amended to the criminal complaint. See Ex. B.

3. Again we have to ask ourselves:

   Was the prosecuter negligent in manipulating all of her witnesses into saying that the appellant stabbed his alleged victim in the head with a screwdriver, when all the evidence said something different. The DNA said that there was negative blood found on the tip of the screwdriver. This is the reason she couldn't amend this charge for 2nd Degree Reckless Endanger-ing of Safety to the criminal complaint; because she knew it didn't happen, but since trial counsel didn't ask the court to strike this issue off the docket, she took appellant trial for

5

that mistake. See Ex. C & D. The DNA report also the testimony of the DNA report. Also see the closing argument testimony Ex. E, and the sentencing testimony of the prosecutor. Ex. H.

4. We have to ask ourselves:

Did the Judge at the court of appeals abuse it's discretion by saying, since it was barred by the circuit court for the same reason will this court barr it. See Ex. I, showing that this motion was never barred, whereby the court of appeals refused to notice the motion of reconsideration.

### Conclusion:

I ask the court to look at the evidence and grant the appellant a Certificate of appealability, or remand appellant back to "said" court and have them to answer appellant's brief; as you can see appellant 6th amendment rights have been violated, his Due Process violated, and appellant didn't have a fair trial.

Dated on this 25th day of April, 2022

Respectfully Dubmitted:

Jerry L. Anderson
Defendant - Appellant, pro se

6